## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ONSITE SCREENINGS, LLC,** a
Florida Limited Liability Corporation,
Filed with the Florida Division of
Corporations, now known as,
**HORIZON HEALTH SERVICES
AND TECHNOLIGY, LLC,**
Individually and Jointly with,
**THUTRUNG ALEXIS NGUYEN,** an
Individual,

**Case #:** 8:22-cv-1369

     **Plaintiff,**

v.

**HILLSBOROUGH COUNTY
FLORIDA,** a government entity, by and
through**, THE HILLSBOROUGH
COUNTY BOARD OF COUNTY
COMMISSIONERS, by the
CHAIRMAN,** COMMISSIONER**,
KIMBERLY OVERMAN** and
**GEORGE STEWART** Hillsborough
County Emergency Management Logistics
Chief, **TIMOTHY DUDLEY Jr,** Director
of the Office of Emergency Management**,
SCOTT STROMER,** Director of
Procurement**, INAKI REZOLA,** Deputy
Director of Hillsborough County
Emergency Management and Operations
Section Chief**,** and **RYAN PEDIGO,**
Director, Public Health Preparedness at
Hillsborough County Health Department,
both **Individually and Jointly,** and co-
conspirator**, CDR MAGUIRE, INC,** a
Florida Limited Liability Corporation,
Filed with the Florida Division of
Corporations, **Individually and Jointly,**

EXHIBIT A

**Defendants.**

_____ /

## <u>NOTICE OF REMOVAL</u>

Defendants Hillsborough County, Scott Stromer, George Stewart, Timothy Dudley and Inaki Rezola (herein, "County Defendants") by and through their undersigned counsel, file their Joint Notice of Removal of this action from the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida. As grounds therefore, the County Defendants state as follows:

1.    This action was commenced by the filing of Plaintiff's initial Complaint on or about May 5, 2022, in the Circuit Court in and for Hillsborough County, Florida (a true and correct copy of the Complaint is provided as **Exhibit A)**. This case was docketed as Civil Action No. 22-CA-3717; Division: L.

2.    On May 16, 2022, Plaintiff caused to be served upon Defendant, George Stewart, a Summons and copy of the Complaint (a copy of the Summons is provided as **Exhibit B**) alleging federal and state claims as described in paragraph 6 below.

3.    On May 19, 2022, Plaintiff caused to be served upon Defendant, Inaki Rezola, a Summons and copy of the Complaint (a copy of the Summons is provided as **Exhibit C**), alleging federal and state claims as described in paragraph 6 below.

4.     On May 24, 2022 Plaintiff caused to be served upon Defendant Hillsborough County, through its Board Chairman Kimberly Overman and upon Defendant Scott Stromer, separate Summons and copies of the Complaint (a copy of both Summonses are provided as **Exhibit D and E**), alleging federal and state claims as described in paragraph 6 below.

5.     On June 1, 2022, Plaintiff caused to be served upon Defendant, Timothy Dudley, Jr., a Summons and copy of the Complaint (a copy of the Summons is provided as **Exhibit F**), alleging federal and state claims as described in paragraph 6 below.

6.     In addition to state law claims, Plaintiff's Complaint specifically asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. Section 1367, 1331 and 1343, The First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

7.     This removal is timely presented pursuant to 28 U.S.C. § 1446(b).

8.     Under the provisions of 28 U.S.C. §1441(b) and §1443, the County Defendants are entitled to remove this action from the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, because Plaintiff's Complaint alleges federal civil rights claims that are brought pursuant to the federal statutes and Constitutional

Amendments described in paragraph 6 above.  Further, pursuant to Local Rule 4.02, the removed suit is to be docketed in the Tampa Division.

9.     By reason of the above facts, the County Defendants collectively and individually request that this action be removed from the Circuit Court in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, contingent upon payment by Defendant Hillsborough County of all costs and disbursements incurred by reason of these removal proceedings should it be determined that this action was improperly removed.

10.    Counsel for Defendant CDR Maguire, Inc. has indicated to undersigned counsel that CDR Maguire, Inc. has no objection to removal of this case.  Counsel for Defendant Ryan Pedigo only recently appeared in the state court case and due to the removal deadline has not yet been consulted by undersigned counsel to ascertain Mr. Pedigo's position regarding removal.

11.    In accordance with 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, the County Defendants' undersigned counsel shall promptly give written Notice of the instant Notice of Removal to Plaintiff. (A copy of the Notice of Removal to Plaintiff is provided as **Exhibit G**).

12.    In conformity with the requirements of Local Rule 4.02(b), Defendant will electronically submit all process, pleadings, pending motions, orders, and other

papers of every kind that are currently on file in the state court action to the Clerk of Court using the CM/ECF system.

WHEREFORE, the County Defendants request that the above-captioned suit, which is pending in the Circuit Court in and for Hillsborough County, Florida, Case No. 22-CA-3717; Division: L, be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed upon the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

/s/ Stephen M. Todd

Stephen M. Todd, Esquire
Sr. Assistant County Attorney
Florida Bar No. 0886203
Office of the County Attorney
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670 –
Fax: (813) 272-5758
Attorney for Defendant, Hillsborough County
Service Emails:
ToddS@hillsboroughcounty.org
MartinTR@hillsboroughcounty.org
ConnorsA@hillsboroughcounty.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was provided, via the Court's Electronic Filing System, to the email addresses provided therein for the following on June 15, 2022.

| | |
|---|---|
| **Jack Crooks Esq.**<br>P.O. Box 10339<br>Tampa, Florida 33679<br>*Counsel for Plaintiffs* | **Barbi L. Feldman, Esquire**<br>**Brittany L. Perez, Esquire**<br>Vecchio, Carrier, Feldman & Johannessen, P.A.<br>3308 Cleveland Heights Boulevard<br>Lakeland, Florida 33803<br>*Counsel for Defendant Ryan Pedigo* |
| **Bridget Smitha, Esquire**<br>**Abigail Corbett**<br>Stearns Weaver<br>106 East College Avenue, Suite 700<br>Tallahassee, Florida 32301<br>*Counsel for Defendant CDR Maguire, Inc* | |

　　　**s/ Stephen M. Todd**　　　　　
Stephen M. Todd, Esquire

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**ONSITE SCREENINGS, LLC**, a
Florida Limited Liability Corporation,
Filed with the Florida Division of
Corporations, now known as,
**HORIZON HEALTH SERVICES
AND TECHNOLOGY, LLC,**
Individually and Jointly with,
**THUTRUNG ALEXIS NGUYEN**, an
Individual,

Plaintiffs,

    V.

**HILLSBOROUGH COUNTY
FLORIDA,** a government entity, by and
through, **THE HILLSBOROUGH
COUNTY BOARD OF COUNTY
COMMISSIONERS, by the
CHAIRMAN,** COMMISSIONER,
**KIMBERLY OVERMAN** and
**GEORGE STEWART** Hillsborough
County Emergency Management Logistics
Chief, **TIMOTHY DUDLEY Jr,** Director
of the Office of Emergency Management**,**
**SCOTT STROMER,** Director of
Procurement, **INAKI REZOLA,** Deputy
Director of Hillsborough County
Emergency Management and Operations
Section Chief, and **RYAN PEDIGO,**
Director, Public Health Preparedness at
Hillsborough County Health Department,
both **Individually and Jointly,** and co-
conspirator, **CDR MAGUIRE, INC,** a
Florida Limited Liability Corporation,
Filed with the Florida Division of
Corporations, **Individually and Jointly,**

Defendants,
_____/

CASE NO: 22-CA-003717

DIVISION:

## COMPLAINT

**COMES NOW, PLAINTIFF'S, ONSITE SCREENINGS, LLC**, a Florida Limited

Liability Corporation, Filed with the Florida Division of Corporations, now known as,

**HORIZON HEALTH SERVICES AND TECHNOLOGY, LLC,** Individually and Jointly

with, **THUTRUNG ALEXIS NGUYEN**, an Individual, by and through the undersigned

counsel, and seeks money damages in excess of **$50,000,000.00** (fifty million dollars), exclusive

of costs, interest, attorney's fees, and other relief, and sues **HILLSBOROUGH COUNTY**

**FLORIDA,** a government entity, by and through, **THE HILLSBOROUGH COUNTY**

**BOARD OF COUNTY COMMISSIONERS, CHAIRMAN, KIMBERLY OVERMAN,**

and **GEORGE STEWART, TIMOTHY DUDLEY Jr, SCOTT STROMER, INAKI**

**REZOLA,** and **RYAN PEDIGO,** employees, and **CDR MAGUIRE, INC.**, a Florida

Corporation, individually and jointly, and states as follows:

### GENERAL ALLEGATIONS

1. **ONSITE SCREENINGS, LLC.**, A State of Florida Certified Woman Owned

   Business, and a Florida Limited Liability Corporation, n/k/a/, **HORIZON HEALTH**

   **SERVICES AND TECHNOLOGY, LLC,** Individually and Jointly with,

   **THUTRUNG ALEXIS NGUYEN**, an Individual, [hereinafter, **PLAINTIFFS**] are,

   and were both residents of the State of Florida domiciled in Hillsborough County,

   Florida, at all times material to the present claims.

2. **HILLSBOROUGH COUNTY FLORIDA,** a government entity, by and through, **THE**

   **HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS,**

   **CHAIRMAN, KIMBERLY OVERMAN,** and **GEORGE STEWART, TIMOTHY**

   **DUDLEY Jr, SCOTT STROMER, INAKI REZOLA, RYAN PEDIGO, and CDR**

   **MAGUIRE, INC.**, a Florida Corporation, Individually and jointly, **(DEFENDANTS)**,

2

Woman Business Owner of Plaintiff, OnSite Screenings, LLC, n/k/a/, Horizon Health Services and Technology, LLC.

9. On November 24, 2020, OnSite Screenings, LLC, after a successful bid prepared to administer COVID-19 vaccinations and testing throughout the County, entered into a contract with Hillsborough County, Florida (the "County") to Administer COVID-19 vaccinations and testing throughout the County.

10. Plaintiffs were awarded a substantial contract to provide **Vaccine Immunization and Testing Services for COVID 19** services on or about November 24, 2020 through the present which form the basis for the causes of action stated herein. The contract was awarded through the rigorous bidding process to provide **Vaccine Immunization and Testing Services for COVID 19** per contract **ITB 20733** in the total amount of **$53,758,936.80** (Fifty Three Million, Seven Hundred and Fifty Eight Thousand Nine Hundred and Thirty Six Dollars, and Eighty Cents).

11. Plaintiffs contract award was for the purpose of **GROUP 1**: Vaccine Immunizations, in the amount of **$26,910,585.90** (Twenty Six Million, Nine Hundred and Ten Thousand Five Hundred Eighty Five Dollars and Ninety Cents) and the **GROUP 2:** Testing Services in the amount of **$26,848,350.90** (Twenty Six Million, Eight Hundred Forty Eight Thousand Three Hundred Fifty Dollars and Ninety Cents)

12. The total value of the contract was in the amount of **$53,758,936.80**.

13. Approximately one month later, being near the Christmas Holidays, the Defendants approached Miss Nguyen as to whether OnSite Screenings, LLC also had a preregistration and appointment scheduling system. They had apparently approached their own IT department, and it is believed their IT Department rejected the idea and the request. Defendants were advised she did not have a separate system, but possibly she could help assemble one using an outside vendor. This was all being done at the last

minute for a pre-registration and appointment scheduling system for the County under a
purchase order contract.

14. Initially, the County did not have a clue as to how many operators would be needed and
consistently kept changing the requirement to arrive at ultimately twelve (12). The
County had not developed any guidelines and were vague, haphazard and incomplete in
their attempt to set this up, and not really providing any guidelines to the Plaintiff. In the
meantime, the Plaintiff had to secure an outside vendor to handle calls, hire and train
operators in both English and Spanish, secure locations and conduct rehearsals. This
requested service was not part of the original bid on the above major contracts, but it
was ultimately awarded on a Purchase Order Basis. It was also being performed during a
very rushed limited time frame over the Christmas and New Year's holidays.

15. Miss Nguyen agreed to try and handle this last minute Purchase Order request with the
County. The County then provided their limited and minimal guidelines for the
Experimental Customer Service Center. OnSite Screenings, LLC, developed the
Experimental Customer Service as stated above using an outside provider for the
operations working over the New Year's Holidays after numerous major changes in the
estimates for calls from the County were made. Plaintiff, Miss Nguyen, worked
feverously over the Year End Holidays commencing on Dec 31, 2020, thru Jan 1, 2021,
to set up the center using an outside agent. Yet, the Plaintiffs still made 9000
appointments for testing and vaccinations over that four (4) day period in addition, and
met the ITB 20733 contract requirements per the bid Plaintiffs company had been
previously awarded.

16. On Sunday January 3, 2021, the County requested that the Plaintiffs conduct a dry-run of
the appointment system and the call center. They had their employees to go to Acuity to
make the appointments. The system accepted and scheduled their appointments online.

They called the toll free number to connect to the call center to receive assistance and the operators were trained and ready to take their phone calls and make appointments. The County signed-off on the dry-run that evening and deemed everything was working and then proceeded to publicize online and notify various news outlets with the appointment link and toll free number which brought calls from all over the state and some from Canada.

17. The appointment system like many other systems doing similar work crashed on opening day due to an unanticipated number of citizens wanting to be vaccinated, because the County had grossly underestimated the volume of on-line appointments. The call center was flooded with phone calls, and with the County only asking for twelve (12) operator agents, the lines jammed.

18. The County had not been prepared for the volume nor had it done the research to determine in advance what would be required. When the press got ahold of the failure it was from the unsatisfied residents. However, the County conveniently blamed it all on Miss Nguyen, and then had the audacity to tell the press she had to be fired before legally notifying her while knowing full well that was a falsehood, and thus, it was done either intentionally or negligently with a complete disregard for the truth. The simple truth is the Plaintiffs were set up to fail from the beginning and were being used as the scapegoats for the County's own failures while it set the stage for the Emergency Management to then move the contracts to another vendor, CDR Maguire, Inc. without using the bid process.

19. The County then however, abruptly, conveniently, without proper notice, without cause, and in reliance upon some woefully unconstitutional provision in the contracts along with other unexplainable reasons terminated the major contract worth **$54,000,000.00** on the guise of something which had absolutely nothing to do with the failure of the Purchase Order

contract, and it certainly did not apply to the other major contract. This happened even though Plaintiffs had complied with all terms of the major contract that had been previously been awarded and approved. Further, Plaintiffs had every intention and the operative means to comply and continue to perform the contracts as per the bids demonstrated by the fact that they had provided appointment and vaccine services separately to approximately 9000 individuals in four (4) days during the period of January 06, 2021, to January 09, 2021. Many residents expressed their satisfaction with being able to finally get their appointments set online and receive their vaccinations.

20. The County after cancelling Plaintiffs contracts improperly as stated in paragraphs above They proceeded to un-hesitantly give this lucrative contract worth **$54,000,000.00** without any bidding process and using some dubious provisions under the pretext of Emergency Management as a guise or subversion and gave them to a company out of Miami, CDR MAGUIRE INC. who had never even participated in the original bidding process nor had bid on the original contracts in the first place. The why and how they suddenly and miraculously were chosen remains both a mystery and an enigma all of which were based upon the actions of **GEORGE STEWART, TIMOTHY DUDLEY Jr, SCOTT STROMER, INAKI REZOLA,** and **RYAN PEDIGO,** Individually and Jointly, in a conspiracy, and in concert to give the contracts to **CDR MAGUIRE INC.**, and thereby deprive the rightful and successful bidder, Plaintiffs, of the contract causing damages after they had been previously approved after bidding and also Plaintiffs having partially operated under the contracts and set approximately 9000 appointments, and provided the same approximate number of vaccinations.

21. The CDR MAGUIRE INC., system also failed in the first few days, and again the residents were very unhappy. The question was to get vaccinated there was a three (3) hour wait vs. Plaintiffs one (1) hour wait. The County however did not terminate the CDR

MAGUIRE INC contract as it had terminated Plaintiffs contract. Again, the County

contracted and continued with CDR MAGUIRE INC, an outside provider, even though

OnSite Screenings, LLC, between January 6, and January 9, 2021, had provided COVID-

19 services to approximately 9,000 Individuals with a third of the wait time.

22. On January 8, 2021, the County officially notified OnSite Screenings, LLC, in writing

that it was terminating the contracts which was improper because they said they wanted

to seek "turn-key vaccination and appointment scheduling service from one qualified and

capable firm." It would appear that the County had previously already made that choice

and decision in awarding the bid contracts to Miss Nguyen and OnSite Screenings, LLC.

The termination thus was both improper and a denial of due process. .

23. Miss Nguyen will testify that she heard about the termination first from an employee

prior to receiving any notice in any manner from the County. This employee had heard

about the termination from a local news story provided by the County.

24. On July 8, 2021, Plaintiffs filed a Notice of Intent and Notice of Claim with the County

for breach of civil rights, breach of contract, breach of implied covenant of good

faith and fair dealing, wrongful termination, unjust enrichment, malicious defamation,

slander, deprivation of constitutional rights and other civil rights claims.

25. Plaintiffs contract award was for the purpose of **GROUP 1**: **Vaccine**

**Immunizations**, in the amount of **$26,910,585.90** (Twenty Six Million, Nine

Hundred and Ten Thousand Five Hundred Eighty Five Dollars and Ninety Cents)

and the **GROUP 2: Testing Services $26,848,350.90** (Twenty Six Million, Eight

Hundred Forty Eight Thousand Three Hundred Fifty Dollars and Ninety Cents)

26. Plaintiff, MISS THUTRUNG ALEXIS NGUYEN was, at the time of bidding and

thereafter, an Asian Minority, and a Certified Woman Business owner, and CEO, of

Plaintiff, ONSITE SCREENINGS, LLC, a Florida Limited Liability Corporation

n/k/a/, HORIZON HEALTH SERVICES AND TECHNOLOGY, LLC.

27. Plaintiffs, Miss Thutrung Alexis Nguyen and Onsite Screenings, LLC, were subjected to defamatory and implied false innuendo to third parties by the Defendants making or omitting, intentionally or negligently in a reckless disregard for the Plaintiff's rights, statements of false, misleading, and suggestive facts to be included in a published media and otherwise in general thereby causing Plaintiff's great harm.

28. Plaintiffs, Miss Thutrung Alexis Nguyen and Onsite Screenings, LLC, due to the actions of the Defendants as stated in above Paragraphs were caused impairment to their reputations and standing in the community, personal humiliation, shame, and disgrace, as well as damages for the loss of clients and other Government agency clients plus the lost opportunity to acquire more clients and employees.

29. Plaintiff, Miss Thutrung Alexis Nguyen, was caused personal damages due to the actions of the Defendants as stated above, thereby prejudicing the Plaintiff in her profession or business as well as pain and suffering including mental pain and suffering, and mental anguish, emotional distress, loss of enjoyment of life, and undue anxiety and anger. Moreover, they caused damage to Plaintiff, Ms. Thutrung Alexis Nguyen by claiming or inferring that she was incompetent at her profession by stating she was fired.

30. The actions of the County and the individuals named herein as Defendants violated the Plaintiff, Miss Thutrung Alexis Nguyen's, civil rights by using her National Origin ethnicity of Vietnamese, and as a Women Certified Minority Business Owner as a front or for showing they had Minority bidding to fulfill any requirements of funding, but by arbitrarily terminating and discharging her contracts, it takes on the form of discriminating against a person with respect to any other term, condition or privilege of employment thereby causing

either acting through its agents, employees and servants whose actions and omissions gave rise to the claims and/or the named Defendants acting in concert or in conspiracy in violation of the Plaintiffs rights in the present case that occurred in Hillsborough County, Florida between these **(DEFENDANTS)** and the **(PLAINTIFFS)**.

<u>JURISDICTION</u>

3. All acts and occurrences material to this cause of action were committed in Hillsborough County, Florida or elsewhere as stated on or about November 24, 2020 continuing through the present.

4. Plaintiff's claims are made pursuant to Fla. Stat. 768. Fla. Stat. 86; the Florida Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983 and 1988; 28 U.S.C. § 1367, 1331 and 1343; and the First, Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States of America.

5. This is an action for damages in excess of **$50,000,000.00** (fifty million dollars) plus taxable costs, interest, attorney's fees, and other relief.

**CONDITIONS PRECEDENT**

6. All conditions precedent to the prosecution of this action has occurred, or has been performed, excused or waived.

7. On or about July 08, 2021, Plaintiff forwarded a written notice of intent to present these claims to the Defendants by Certified Return Receipt U. S. Mail, and the Defendants have failed to timely respond to the said notice letter, thus giving rise to these actions. (All confidential information relating to Plaintiffs will be released at a later time in discovery.)

**COMMON ALLLEGATIONS**

8. The Plaintiff, Thutrung Alexis Nguyen ("Nguyen") is an Asian minority, and Certified

3

damages.

31. The actions of the County and the individuals named herein as Defendants violated the Plaintiff, Miss Thutrung Alexis Nguyen's, civil rights by using her National Origin ethnicity of Vietnamese, and as a Women Certified Minority Business Owner by denying her an equal employment opportunity because of her ethnicity or because she is perceived to be of a particular ethnicity, and they additionally acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, or property relating to these Plaintiffs. These actions violate 42 U.S.C. §1983, and Title VII of the Civil Rights Act of 1964 when they are based in part, or entirely, on the protected characteristics described therein.

32. The actions of the County and the individuals named herein as Defendants violated the Plaintiff, Miss Thutrung Alexis Nguyen's civil rights by using her as a Women Certified Minority Business Owner by denying her equal employment opportunity because of her gender identity, these actions also violate 42 U.S.C. §1983, and Title VII when they are based in part, or entirely, on the protected characteristics described herein.

33. The actions of the County, and the individuals named herein as Defendants, have caused Plaintiffs significant present and future injury in the way of lost economic advantage and funds including present and future profits, operating costs, and other damages, and the conduct of the Defendants towards the Plaintiffs, as more fully set forth above, was objectively unreasonable and constituted unnecessary losses and was an abuse of government power.

34. Plaintiffs have suffered and continue to suffer damages including physical pain, Emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

35. Plaintiffs request that the Court award attorney's fees per 42 U.S.C. §1983 and 1988; and costs for these actions as required and permitted by law.

**COUNT I (ONE)**
**BREACH OF AN IMPLIED COVENANT**
**OF GOOD FAITH AND FAIR DEALING**

For this cause of action against the Defendants, individually and jointly, in this Count I, Plaintiffs re-allege and adopt paragraphs 1 thru 35. as though each were fully set forth herein, and further states as follows:

36. Defendants placed the Plaintiffs in a reasonable apprehension of receiving significant monies from their mutual bid contracts and a boost to Plaintiffs reputation resulting from the Defendants actions of contracting with the Plaintiffs after they submitted a successful bid in the bidding process to contract for certain COVID 19 services.

37. The Plaintiffs were ready, willing, and able to perform the contracts with the Defendants, but the Defendants by a conscious and deliberate act used an unconscionable provision in the contract and failed and refused to discharge their contractual responsibilities and thereby frustrated the contracts purpose and disappointed the Plaintiffs expectations.

38. The Defendants breach deprived the Plaintiff of the benefits of the contracts thereby causing Plaintiffs significant present and future injury in the way of economic advantage and funds including present and future profits and other damages stated herein.

39. The conduct of the Defendants towards the Plaintiffs, as more fully set forth above, was objectively unreasonable, reckless, discriminatory, and constituted an unnecessary loss of income, profits, and was an intentional or reckless abuse of government power.

40. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT II (TWO)
## BREACH OF IMPLIED IN FACT
## CONTRACT

For this cause of action against the Defendants, individually and jointly, in this Count II, Plaintiffs re-allege and adopt paragraphs 1. thru 40. as though each were fully set forth herein, and further states as follows:

41. Defendants placed the Plaintiffs in reasonable apprehension of receiving significant monies from their mutual contracts and a boost to Plaintiffs' reputation resulting from the Defendants actions of contracting with the Plaintiffs after they submitted a successful bid in the bidding process to contract for certain COVID 19 services so that a valid contract existed between the Plaintiffs and the Defendants.

42. The Plaintiffs were ready, willing, and able to perform the contracts with the understanding that some of the contract terms essentially were inferred from the parties conduct even though not written so that Plaintiffs expected the Defendants to comply with the provisions both written and inferred, but the Defendants by conscious and deliberate acts materially breached the contracts by using an unconscionable provision in the contract, unlawfully terminating, and thus, failed and refused to discharge their contractual responsibilities and

thereby frustrated the contracts purpose and disappointed the Plaintiffs

expectations.

43. The Defendants breach deprived the Plaintiff of the benefits of the contracts thereby

causing Plaintiffs significant present and future injury in the way of economic

advantage and funds including present and future profits and other damages as

stated below.

44. The conduct of the Defendants towards the Plaintiffs, as more fully set forth

above, was objectively unreasonable, reckless, discriminatory, and constituted an

unnecessary loss of income, profits, and was an abuse of government power.

45. Plaintiffs have suffered and continue to suffer damages which includes physical pain,

emotional suffering, physical inconvenience, physical discomfort, continued and future

anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and

legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory

damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees

and costs of this action together with any post judgment interest, any and all other equitable relief, and

requests a jury trial of all issues so triable.

## COUNT III (THREE)
## TORTIOUS INTERFERENCE WITH A
## CONTRACTUAL RIGHT

For this cause of action against the Defendants, individually and jointly, in this Count III,

Plaintiffs re-allege and adopt paragraphs 1. thru 45. as though each were fully set forth

herein, and further states as follows:

46. Defendants, SCOTT STROMER, the Director of Procurement, along with INAKI

REZOLA, the Deputy Director of Hillsborough County Emergency Management and

Operations Section Chief, TIMOTHY DUDLEY Jr, the Director of the Office of Emergency

Management, GEORGE STEWART, Hillsborough County Emergency Management Logistics Chief, (*formally with The Office of Procurement*) and Director, Public Health Preparedness at Hillsborough County Health Department, RYAN PEDIGO, and Co-Conspirator, CDR MAGUIRE, INC., of Miami, Florida, acting in concert or Individually, with knowledge of the contract of the Plaintiffs, did under the color of law without justification or privilege, procure a breach of the   Plaintiffs contract by placing them with CDR MAGUIRE INC. which denied the Plaintiffs their reasonable apprehension of receiving significant monies from their mutual contracts and a boost to the Plaintiffs' reputation resulting from the contracting which therein caused the Plaintiffs damages after they had submitted a successful bid in the bidding process to contract for certain COVID-19 services so a valid contract existed between the Plaintiffs and the Defendants.

47. The Plaintiffs were ready, willing, and able to perform the contract, but the Defendants above by conscious, deliberate and/or reckless acts materially breached the contracts by using an unconscionable provision in the contract, and failed and refused to discharge their contractual responsibilities improperly terminating the Plaintiffs and thereby frustrating the contracts purpose and disappointed the Plaintiffs expectations.

48. The Defendants breach deprived the Plaintiff of the benefits of the contracts thereby causing Plaintiffs significant present and future injury in the way of economic advantage and funds including present and future profits and other damages stated below.

49. The conduct of the Defendants towards the Plaintiffs, as more fully set forth above, was objectively unreasonable, reckless, discriminatory, and constituted an unnecessary loss of income, profits, and was an abuse of government power.

50. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for c o mpensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

<u>**COUNT IV (FOUR)**</u>
<u>**EQUITABLE ESTOPPEL AND**</u>
<u>**PROMISSORY ESTOPPEL OF A**</u>
<u>**CONTRACTUAL RIGHT**</u>

For this cause of action against the Defendants, individually and jointly, in this Count IV, Plaintiffs re-allege and adopt paragraphs 1. thru 50. as though each were fully set forth herein, and further states as follows:

51. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants both for the present and the future wherein the Plaintiffs suffered to their detriment as a result of the representations of the Defendants in awarding the contracts in the first place which is contrary to the condition of affairs later asserted by the Defendants. Thereby causing damages to the Plaintiffs who have no adequate remedy at law to correct the same.

52. The Plaintiffs were ready, willing, and able to perform the contracts, but the Defendants above by conscious and deliberate and/or reckless acts materially

breached those contracts, and failed and refused to discharge their contractual

responsibilities by improperly terminating the Plaintiffs, and thereby

frustrating the contracts purpose and disappointing the Plaintiffs expectations.

53. The Defendants breach deprived the Plaintiff of the benefits of the contracts thereby

causing Plaintiffs significant present and future injury in the way of economic

advantage and funds including present and future profits and other damages stated

below.

54. The conduct of the Defendants towards the Plaintiffs, as more fully set forth above, was

objectively unreasonable, intentional, reckless, outrageous, discriminatory, and

constituted an abuse of government power, thereby causing an unnecessary loss of

income, profits, and reputation.

55. Plaintiffs have suffered and continue to suffer damages which includes physical pain,

emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety,

mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory

damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and

costs of this action together with any post judgment interest, any and all other equitable relief, and

requests a jury trial of all issues so triable.

## COUNT V (FIVE)
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

For this cause of action against the Defendants, individually and jointly, in this Count v,

Plaintiffs re-allege and adopt paragraphs 1. thru 55. as though each were fully set forth

herein, and further states as follows:

56. The Defendants actions by acting in concert or individually with knowledge of the

contract of the Plaintiffs, and under the color of law, without justification or privilege,

procured a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC.**

16

denying the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants. The conduct of the Defendants towards the Plaintiffs, as more fully set forth above, was objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation.

57. The Defendants conduct caused the Plaintiff severe emotional distress causing damages to the Plaintiff including physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT VI (SIX)
## FRAUDULENT
## MISREPRESENTATION

For this cause of action against the Defendants, individually and jointly, in this Count VI, Plaintiffs re-allege and adopt paragraphs 1. thru 57. as though each were fully set forth herein, and further states as follows:

58. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants both for the present and the future wherein the Plaintiffs suffered to their detriment as a result of the representations of the Defendants in awarding the contracts in the first place which is contrary to the condition of affairs later asserted by the Defendants, thus,

17

causing damages to the Plaintiffs.

59. The Plaintiffs were ready, willing, and able to perform the contracts, but the Defendants above by conscious and deliberate acts materially breached those contracts, and failed and refused to discharge their contractual responsibilities improperly terminating the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations.

60. The Defendants breach deprived the Plaintiff of the benefits of the contracts thereby causing Plaintiffs significant present and future injury in the way of economic advantage and funds including present and future profits and other damages stated below.

61. The conduct of the Defendants towards the Plaintiffs, as more fully set forth above, was objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation.

62. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT VII (SEVEN)
## CONSTRUCTIVE FRAUD

For this cause of action against the Defendants, individually and jointly, in this Count VII, Plaintiffs re-allege and adopt paragraphs 1. thru 62. as though each were fully set forth herein, and further states as follows:

63. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants which in the process committed constructive fraud both for the present and the future wherein the Plaintiffs suffered to their detriment as a result of the representations of the Defendants in awarding the contracts in the first place which is contrary to the contrived condition of affairs later asserted by the Defendants who shared a confidential and/or fiduciary relationship with the Plaintiffs, thus, causing damages to the Plaintiffs.

64. The Plaintiffs were ready, willing, and able to perform the contracts, but the Defendants above by their conscious and deliberate acts materially breached those contracts, and failed and refused to discharge their contractual responsibilities improperly terminating the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations.

65. The Defendants constructive breach deprived the Plaintiff of the benefits of the contracts thereby causing Plaintiffs significant present and future injury in the way of economic advantage and funds including present and future profits and other damages stated below.

66. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation for Plaintiffs.

**67.** Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT VIII (EIGHT)
## DEFAMATION BY IMPLICATION

For this cause of action against the Defendants, individually and jointly, in this Count VIII, Plaintiffs re-allege and adopt paragraphs 1. thru 67. as though each were fully set forth herein, and further states as follows:

**68.** The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants. Plaintiffs suffered to their detriment as a result of the defamatory representations of the Defendants to the media press stating that the Plaintiffs were fired while knowingly implying it was because of incompetence which was untrue and damaging to the Plaintiffs causing damages to the Plaintiffs.

**69.** The Plaintiffs were ready, willing, and able to perform the contracts, but the Defendants above by their conscious and deliberate acts materially breached those contracts, failed to discharge their contractual responsibilities and improperly terminated the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations while creating a false

image of incompetence in the Plaintiffs.

70. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation for Plaintiffs.

71. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT IX (NINE)
## DEFAMATION LIBEL

For this cause of action against the Defendants, individually and jointly, in this Count IX, Plaintiffs re-allege and adopt paragraphs 1. thru 71. as though each were fully set forth herein, and further states as follows:

72. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants.

73. Plaintiffs suffered to their detriment as a result of the defamatory representations to a third party by the Defendants to the media press stating that the Plaintiffs were fired while intentionally or negligently knowingly implying it was because of incompetence which was untrue and damaging to the Plaintiffs reputation thereby

causing damages to the Plaintiffs.

74. The Plaintiffs were ready, willing, and able to perform the contracts, but the Defendants above by their conscious and deliberate acts materially breached those contracts, failed to discharge their contractual responsibilities and improperly terminated the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations while creating a false image of incompetence in the Plaintiffs.

75. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory,, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation for Plaintiffs.

76. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT X (TEN)
## DEFAMATION PER SE

For this cause of action against the Defendants, individually and jointly, in this Count X, Plaintiffs re-allege and adopt paragraphs 1. thru 76. as though each were fully set forth herein, and further states as follows:

77. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR**

**MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants.

78. Plaintiffs suffered to their detriment as a result of the defamatory publication representations to a third party by the Defendants to the media press stating that the Plaintiffs were fired while intentionally or negligently knowingly implying it was because of incompetence which was untrue and subjected the Plaintiffs to distrust, ridicule, disgrace , and was injurious to the Plaintiffs trade and or profession in the community, and other government agencies accepted the representations as valid all damaging their reputation thereby causing damages to the Plaintiffs and the inability to obtain other government contracts.

79. The Plaintiffs were ready, willing, and able to perform their contracts, but the Defendants above by their conscious and deliberate acts materially breached those contracts, failed to discharge their contractual responsibilities and improperly terminated and defamed the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations while creating a false image of incompetence in the Plaintiffs.

80. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory,, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation for Plaintiffs.

81. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, for compensatory

damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and

costs of this action together with any post judgment interest, any and all other equitable relief, and

requests a jury trial of all issues so triable.

**COUNT XI (ELEVEN)**
**DEFAMATION SLANDER**

For this cause of action against the Defendants, individually and jointly, in this Count XI,

Plaintiffs re-allege and adopt paragraphs 1. thru 81. as though each were fully set forth

herein, and further states as follows:

82. The Defendants, by acting in concert or individually with knowledge of the

    contract of the Plaintiffs did under the color of law without justification or

    privilege procure a breach of the Plaintiffs contracts by placing them with **CDR**

    **MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract

    existing between the Plaintiffs and the Defendants.

83. Plaintiffs suffered to their detriment as a result of the defamatory and slanderous

    publication representations to a third party by the Defendants to the media press

    stating that the Plaintiffs were fired while intentionally and/or negligently

    knowingly implying it was because of incompetence which was untrue and

    subjected the Plaintiffs to distrust, ridicule, disgrace, and was injurious to the

    Plaintiffs trade and profession in the community, and other government agencies

    accepted the representations as valid all damaging their reputation thereby causing

    damages to the Plaintiffs and the inability to obtain other government contracts.

84. The Plaintiffs were ready, willing, and able to perform their contracts, but the

    Defendants above by their conscious and deliberate acts materially breached

    those contracts and failed to discharge their contractual responsibilities and

    improperly terminated and defamed the Plaintiffs, and thereby frustrating the

24

contracts purpose and disappointing the Plaintiffs expectations while creating

a false image of incompetence in the Plaintiffs.

85. The conduct of the Defendants towards the Plaintiffs abused their relationship and took

unconscionable advantage of the Plaintiffs, as more fully set forth above, was also

objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory,,

and constituted an abuse of government power, thereby causing an unnecessary loss of

income, profits, and reputation for Plaintiffs.

86. Plaintiffs have suffered and continue to suffer damages which includes physical pain,

emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety,

mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory

damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and

costs of this action together with any post judgment interest, any and all other equitable relief, and

requests a jury trial of all issues so triable.

## COUNT XII (TWELVE)
## INJURIOUS FALSEHOOD

For this cause of action against the Defendants, individually and jointly, in this Count X,

Plaintiffs re-allege and adopt paragraphs 1. thru 86. as though each were fully set forth

herein, and further states as follows:

87. The Defendants, by acting in concert or individually with knowledge of the

contract of the Plaintiffs did under the color of law without justification or

privilege procures a breach of the Plaintiffs contracts by placing them with **CDR**

**MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract

existing between the Plaintiffs and the Defendants.

88. Plaintiffs suffered to their detriment as a result of the defamatory publication of

representations to a third party by the Defendants to the media press who then

printed the same stating that the Plaintiffs were fired while the Defendants did so intentionally or negligently with malice knowingly implying it was because of incompetence which was untrue and subjected the Plaintiffs to distrust, ridicule, disgrace, and was injurious to the Plaintiffs trade and or profession in the community, and other government agencies accepted the representations as valid all damaging their reputation thereby causing damages to the Plaintiffs and the inability to obtain other government contracts.

89. The Plaintiffs were ready, willing, and able to perform their contracts, but the Defendants above by their conscious and deliberate acts materially breached those contracts, failed to discharge their contractual responsibilities and improperly terminated and defamed the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations while creating a false image of incompetence in the Plaintiffs.

90. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory,, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation for Plaintiffs.

91. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of ten million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT XIII (THIRTEEN)
## INJURY TO REPUTATION AND DILUTION
## UNDER FLORIDA LAW

For this cause of action against the Defendants, individually and jointly, in this Count XIII, Plaintiffs re-allege and adopt paragraphs 1. thru 91. as though each were fully set forth herein, and further states as follows:

92. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants.

93. Plaintiffs suffered to their detriment as a result of the defamatory publication of representations to a third party by the Defendants to the media press who then printed the same stating that the Plaintiffs were fired while the Defendants did so intentionally or negligently with malice knowingly implying it was because of incompetence which was untrue and subjected the Plaintiffs to distrust, ridicule, disgrace, and was injurious to the Plaintiffs trade and profession in the community, and other government agencies accepted the representations as valid all damaging their reputation thereby causing damages to the Plaintiffs and the inability to obtain other government contracts.

94. The Plaintiffs were ready, willing, and able to perform their contracts, but the Defendants above by their conscious and deliberate acts materially breached those contracts and failed to discharge their contractual responsibilities and improperly terminated and defamed the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations while creating a false image of incompetence in the Plaintiffs.

95. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and a damage and dilution of the Plaintiffs reputation and standing in Florida and elsewhere.

96. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory damages in excess of $9,391,475.56 (excess of ten million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

## COUNT XIV (FOURTEEN)
## DUE PROCESS VIOLATIONS INDIVIDUALLY,
## COGNIZABLE UNDER 42 U.S.C. § 1983

For this cause of action against the Defendants, individually and jointly, in this Count XIV, Plaintiffs re-allege and adopt paragraphs 1. thru 96. as though each were fully set forth herein, and further states as follows:

97. The Defendants, by their actions either acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification, privilege, or lawful process terminate and procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants.

98. The Plaintiffs did not consent to the Defendants actions.

99. The conduct of the Defendants towards the Plaintiffs abused their relationship and took

unconscionable advantage of the Plaintiffs, as more fully set forth above, it was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, and a denial of due process thereby causing an unnecessary loss of income, profits, and damage and dilution of the Plaintiffs reputation.

100. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety, mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

101. The conduct of the Defendants towards Plaintiffs was a violation of Plaintiffs clearly established rights under the 4th Amendment of the United States Constitution to be free from unreasonable seizure in the absence of legal process, lawful authority or consent.

102. The conduct of the Defendants towards Plaintiffs was a clear violation of constitutional principles and is actionable pursuant to the United States Constitution under 42 U.S.C. §1983.

**WHEREFORE,** PLAINTIFF demands judgment against Defendants, for compensatory and exemplary damages in excess of $9,391,475.56 (excess of nine million dollars), attorney fees pursuant to 42 U.S.C. §1988, and costs of this action, together with any post judgment interest, any and all equitable relief and requests a jury trial of all issues so triable.

## COUNT XV (FIFTEEN)
## CIVIL CONSPIRACY

For this cause of action against the Defendants, individually and jointly, in this Count XV, Plaintiffs re-allege and adopt paragraphs 1. thru 102. as though each were fully set forth herein, and further states as follows:

103. The Defendants, wholly by acting in concert or individuals acting in concert conspired to commit an unlawful act of breaching the Plaintiffs contract with knowledge of the contract of the Plaintiffs, and did so under the color of law

without justification or privilege did procure a breach of the Plaintiffs contracts by placing them with **CDR MAGUIRE INC**., a company out of Miami, Florida which accepted the contracts while knowingly denying the Plaintiffs their constitutional rights under a valid contract existing between the Plaintiffs and the Defendants per the bidding process.

104. Plaintiffs suffered damages as a result of the conspiratorial actions by the Defendants to the media press stating that the Plaintiffs were fired while intentionally, maliciously and knowingly implying the termination was because of incompetence which was untrue and extremely damaging to the Plaintiffs reputation thereby causing severe damages to the Plaintiffs so that the conspiracy could be made to work and give the contracts to a completely unknown source to the County's bidding process.

105. The Plaintiffs were ready, willing, and able to perform the contracts, but the Defendants above by their conscious and deliberate conspiratorial acts materially breached those contracts, failed to discharge their contractual responsibilities and improperly terminated the Plaintiffs, and thereby frustrating the contracts purpose and disappointing the Plaintiffs expectations while creating a false image of incompetence in the Plaintiffs.

106. The conduct of the Defendants towards the Plaintiffs abused their relationship and took unconscionable advantage of the Plaintiffs, as more fully set forth above, was also objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory, and constituted an abuse of government power, thereby causing an unnecessary loss of income, profits, and reputation for Plaintiffs.

107. Plaintiffs have suffered and continue to suffer damages which includes physical pain, emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety,

mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory

And exemplary damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits,

legal fees and costs of this action together with any post judgment interest, any and all other equitable

relief, and requests a jury trial of all issues so triable.

<u>**COUNT XVI (SIXTEEN)**</u>
<u>**DECLARATORY RELIEF**</u>

<u>**INTRODUCTION,**</u>
<u>**PARTIES, JURISDICTION, and VENUE**</u>

For this cause of action against the Defendants, individually and jointly, in this Count XVI,

Plaintiffs re-allege and adopt paragraphs 1. thru 107. as though each were fully set forth

herein, and further states as follows:

108.Defendants, Hillsborough County, by and through the named individuals

as agents of the County, and acting in concert did rush to judgment violating due

process by using an unconscionable provision in the contracts between the

Plaintiffs and the Defendant County allowing for termination, more specifically,

on Page 48 of Contract NO. 20733, **Paragraph 5.32. Suspension of Work,** which

reads as follows:

> *Upon seven (7) Days written notice to the Contractor, the County may, without cause and without prejudice to any other right or remedy, elect to abandon the Work and/or Project and terminate this Contract. In such case the Contractor shall be paid for all Work executed and/or goods delivered to and accepted by the County.* (Copy of page 48 is attached hereto as Exhibit "A")

109.Defendants terminated the Plaintiffs contract after the contract was awarded

through the rigorous bidding process to provide <u>**Vaccine Immunization and**</u>

<u>**Testing Services for COVID 19**</u> per contract <u>**ITB 20733**</u> in the total amount of

<u>**$53,758,936.80**</u> (Fifty Three Million Seven Hundred and Fifty Eight Thousand

Nine Hundred and Thirty Six Dollars, and Eighty Cents) consisting of the

purpose of **GROUP 1**: <u>Vaccine Immunizations,</u> in the amount of **$26,910,585.90**

(Twenty Six Million, Nine Hundred and Ten Thousand Five Hundred Eighty Five

Dollars and Ninety Cents) and the **GROUP 2:** <u>Testing Services</u> **$26,848,350.90**

(Twenty Six Million, Eight Hundred Forty Eight Thousand Three Hundred Fifty

Dollars and Ninety Cents), and then gave those contracts improperly or the equivalent to

CDR Maguire, Inc. without any bidding process.

110. CDR Maguire, Inc. is named herein as a party pursuant to Fla. Stat. § 86.091, and

as a civil conspirator.

111. This **Paragraph 5.32. Suspension of Work** is the question to be determined by

this action, and Plaintiffs seek remedy pursuant to Fla. Stat., Chapter 86.

Declaring this provision to be "Unconscionable" and its use as a denial of due

process along with violations of equal protection under 42 U.S.C. §1983 and the

Fifth and Fourteenth Amendment to the United States Constitution.

112. This Court has jurisdiction pursuant to Fla. Stat. §86.021. and 42 U.S.C. §1983.

113. The Plaintiffs request a speedy hearing and jury trial on this issue, and an

advance on the court's trial calendar pursuant to Fla. Stat. §86.111.

114. This complaint seeks redress to prevent further violations of the Plaintiff's

rights, restoration of the Plaintiff's entitlement to the damages caused by the

violations of the Plaintiff's rights, privileges, and an absolute depravation of a

denial of due process, equal protection, and other rights under the Constitution of

the United States and 42 U.S.C. §1983; and Plaintiffs specifically seek redress for

the depravation under color of law, custom or usage of rights, privileges, as well

as protections secured by the First, Fourth, Fifth, and Fourteenth Amendments to

the Constitution of the United States.

115. The Plaintiffs have suffered injury-in-fact that is concrete and actual because the actions of the County and /or its' agents that caused the Plaintiffs to lose the valued contract for no legal or other valid reason other than a whim, a fancy or a plot and have effectively rendered the Plaintiffs business and practices arguably unlawful thereby depriving the Plaintiffs of its property rights and the ability to secure other government contracts essentially null and void by treating the Plaintiffs in a fashion that violates the fundamental rights afforded under the United States Constitution.

116. The Defendants, by acting in concert or individually with knowledge of the contract of the Plaintiffs did under the color of law without justification or privilege procure a breach of the Plaintiffs contract by placing them with **CDR MAGUIRE INC**. which denied the Plaintiffs their rights under a valid contract existing between the Plaintiffs and the Defendants.

117. Plaintiff's disparate treatment by the Defendants appears to have been motivated by possibly an underlying an invidious purpose.

118. The Plaintiffs state that there is accordingly a bona-fide, actual, present need for a Declaration that the clause of **Paragraph 5.32. Suspension of Work** is as written "Unconscionable" and unenforceable under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983, 1988.

119. The declaration concerns a present, ascertained, or ascertainable set of facts, or present controversy to a state of facts.

120. An immunity, power, privilege, or rights of the Plaintiffs are dependent upon the facts or

the law applicable to the facts.

121. The County and the named individuals abused their relationship and took an
unconscionable advantage of the Plaintiffs, as more fully set forth herein and it was also
objectively unreasonable, intentional, reckless, outrageous, egregious, discriminatory,
and constituted an abuse of government power, thereby causing an unnecessary loss of
income, profits, and reputation for Plaintiffs.

122. The Defendants have, or reasonably may have, an actual, present, adverse, and
antagonistic interest in the subject matter, either in fact or law.

123. The relief sought is not merely the giving of legal advice of the answers to questions
propounded for curiosity.

124. This Court may enter and award of attorney's fees pursuant to 42 U.S.C. §1988.

125. Plaintiffs have suffered and continue to suffer damages which includes physical pain,
emotional suffering, physical inconvenience, physical discomfort, continued and future anxiety,
mental distress, embarrassment, humiliation, loss of reputation, loss of profits, and legal costs.

126. The totality of the contracts referenced herein containing the unconscionable clause consisted of
forty-eight (48) pages not including attachments. The Plaintiffs, like other potential bidding
parties, had no meaningful choice in either setting or negotiating the terms of the contracts which
obviously favored the County Government. The County was placed in a overreaching and unjust
and underserved advantage over any potential bidder who hoped to secure a contract.

127. Essentially the bargaining power of the parties is unequal without question. The contracts were
merely presented on a take-it–or–leave-it basis. The County never explained any critical
termination provisions to the Plaintiffs to help them understand nor did they understand the
disputed terms that were applied.

128. The provision in question is so outrageously unfair that it should shock the judicial conscience
because it does not address the endless and countless hours of preparations, hiring of providers,
obtaining insurance, equipment, supplies and locations to effectuate the purposes of the contracts
all of which costs money, and the providers (individuals) do not want to do business anymore

34

with the contractor because some of whom left jobs to come and work with the Plaintiffs when all of a sudden the county decides to end the contract with no apparent reason other than they desired to do so under some contrived emergency notion.

129. In *Steinhardt v. Rudolph*, citing 14 S Williston, A Treatise on the Law of Contracts, §1632 (3d. Ed. 1972), the Court stated:

" . . . It is only where it turns out that one side or the other is to be penalized by the enforcement of the terms of a contract so unconscionable that no decent, fair minded person would view the ensuing result without being possessed of a profound sense of injustice, that equity will deny the use of its good offices in the enforcement of such unconscionability."

*Steinhardt* at 890.

130. It becomes exceedingly obvious that the actions of the County herein in exercising the questionable unconscionable provision violates *Steinhardt* as stated above.

131. After the grueling and complicated bidding process, and proving their ability to perform and complete the contract by expending large sums of money along with tiresome and time consuming co-ordinations of both locations and personnel requirements, the Plaintiff never had any idea or any reasonable expectation that the County would terminate the contracts after Plaintiffs part performance nor in the manner in which they used the Plaintiffs.

132. The termination by the Defendants was well beyond the reasonable expectation of the contracting parties in so far at least from the Plaintiffs view because the contrived basis used to terminate violated the Counties own expectations after they conducted such a careful vetting of the Plaintiffs in awarding the contracts in the first place.

133. Plaintiffs have provided the notice requirements set forth in section 86.091.and compliance with Fla. R. Civ. P. 1.071.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, for compensatory and exemplary damages in excess of $9,391,475.56 (excess of nine million dollars), loss of profits, legal fees and costs of this action together with any post judgment interest, any and all other equitable relief, and requests a jury trial of all issues so triable.

Dated: May 5, 2022

PLAINTIFFS FURTHER DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

JACK CROOKS, ESQUIRE
Florida Bar No. 155231
P.O. Box 10339
Tampa, FL 33679
Phone: 813-817-3281
Email: jwco7666@gmail.com
Plaintiffs Attorney

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

ONSITE SCREENINGS,LLC, AND THUTRUNG

ALEXIS NGUYEN,Individually and Jointly,

Plaintiff(s)

vs

Hillsborough County Emergency Management

Logistics Chief, GEORGE STEWART

Defendant(s)

Case Number: 22-CA-003717

Division: ■ L

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) GEORGE STEWART, 9450 E. Columbus Dr., Tampa, FL 33619

**DATED** on _____05/11/2022_____

Attorney: Jack Crooks
Attorney For: Plaintiffs
Address: P.O. Box 10339
Tampa, FL 33679
Phone: 813-817-3281

Florida Bar Number: 155231

**CINDY STUART**
As Clerk of the Court

By: _V Phillips_

As Deputy Clerk      800 E. Twiggs St.
P.O. Box 3360      Room 101
Tampa, FL 33601      Tampa, FL 33602

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**EXHIBIT B**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

### Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribunal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 3 of 3

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

ONSITE SCREENINGS,LLC, AND THUTRUNG

Case Number: 22-CA-003717

ALEXIS NGUYEN,Individually and Jointly,

Division: ■ L

Plaintiff(s)

vs

Hillsborough County, Deputy Director Emergency

Mgmt and Operations Chief, INAKI REZOLA

Defendant(s)

**SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

        **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) 9450 E. Columbus Dr., Tampa, FL 33619 <u>INAKI REZOLA</u>

**DATED** on _____ 05/11/2022 _____

Attorney: Jack Crooks

Attorney For: Plaintiffs

Address: P.O. Box 10339

Tampa, FL 33679

Phone: 813-817-3281

Florida Bar Number: 155231

**CINDY STUART**
As Clerk of the Court

By: _____

As Deputy Clerk          800 E. Twiggs St.
P.O. Box 3360            Room 101
Tampa, FL 33601          Tampa, FL 33602

        1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 1 of 3

Electronically Filed: Hillsborough County / 13th Judicial Circuit

**EXHIBIT C**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

### Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                Page 3 of 3

# IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ONSITE SCREENINGS,LLC, AND THUTRUNG

ALEXIS NGUYEN,Individually and Jointly,

Plaintiff(s)

vs

Hillsborough County Florida, by the Chairman,

Commissioner, Kimberly Overman

Defendant(s)

Case Number: 22-CA-003717

Division: ■ **L**

## SUMMONS

**THE STATE OF FLORIDA**:

To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) Chairman, Kimberly Overman, County Center, 601 E Kennedy Blvd., Tampa, FL 33602

**DATED** on _____ 05/11/2022

Attorney: Jack Crooks

Attorney For: Plaintiffs

Address: P.O. Box 10339

Tampa, FL 33679

Phone: 813-817-3281

Florida Bar Number: 155231

**CINDY STUART**

As Clerk of the Court

By: _____ V Phillips

As Deputy Clerk

P.O. Box 3360

Tampa, FL 33601

800 E. Twiggs St.

Room 101

Tampa, FL 33602

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)

Page 1 of 3

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

### Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 3 of 3

Electronically Filed: Hillsborough County / 13th Judicial Circuit

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ONSITE SCREENINGS,LLC, AND THUTRUNG

Case Number: 22-CA-003717

ALEXIS NGUYEN,Individually and Jointly,

Division: ▮ **L**

Plaintiff(s)

vs

Hillsborough County, Director of Procurement

SCOTT STROMER.

Defendant(s)

### SUMMONS

**THE STATE OF FLORIDA**:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) SCOTT STROMER, County Center, 601 E Kennedy Blvd, 25ᵗʰ Floor, Tampa, FL 33602

**DATED** on ___05/11/2022___

Attorney: Jack Crooks _(signature)_

Attorney For: Plaintiffs

Address: P.O. Box 10339

Tampa, FL 33679

Phone: 813-817-3281

Florida Bar Number: 155231

**CINDY STUART**
As Clerk of the Court

By: _(signature)_ V Phillips

As Deputy Clerk         800 E. Twiggs St.
P.O. Box 3360           Room 101
Tampa, FL 33601         Tampa, FL 33602

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                Page 1 of 3

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 2 of 3

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

### Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 3 of 3

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ONSITE SCREENINGS,LLC, AND THUTRUNG

ALEXIS NGUYEN,Individually and Jointly,

Plaintiff(s)

Case Number: 22-CA-003717

Division: ■ **L**

vs

Hillsborough County, Director of Office of Emergency

Management, TIMOTHY DUDLEY, Jr.

Defendant(s)

### SUMMONS

**THE STATE OF FLORIDA**:

To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this lawsuit on defendant(s) 9450 E. Columbus Dr., Tampa, FL 33619, <u>TIMOTHY DUDLEY</u>

**DATED** on _____05/11/2022_____

Attorney: Jack Crooks _Jack Crooks_

Attorney For: Plaintiffs

Address: P.O. Box 10339

Tampa, FL 33679

Phone: 813-817-3281

Florida Bar Number: 155231

**CINDY STUART**
As Clerk of the Court

By: _____VPhillips_____

As Deputy Clerk
P.O. Box 3360
Tampa, FL 33601

800 E. Twiggs St.
Room 101
Tampa, FL 33602

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 1 of 3

**EXHIBIT F**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)                    Page 2 of 3

Electronically Filed: Hillsborough County / 13th Judicial Circuit

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Florida Rules of Civil Procedure Form 1.902(b) (02/18/2021)           Page 3 of 3

Electronically Filed: Hillsborough County / 13th Judicial Circuit

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

**ONSITE SCREENINGS, LLC,** a
Florida Limited Liability Corporation,
Filed with the Florida Division of
Corporations, now known as,
**HORIZON HEALTH SERVICES**
**AND TECHNOLIGY, LLC,**
Individually and Jointly with,
**THUTRUNG ALEXIS NGUYEN,** an
Individual,

     **Plaintiff,**

v.

**HILLSBOROUGH COUNTY**
**FLORIDA,** a government entity, by and
through, **THE HILLSBOROUGH**
**COUNTY BOARD OF COUNTY**
**COMMISSIONERS, by the**
**CHAIRMAN,** COMMISSIONER**,**
**KIMBERLY OVERMAN** and
**GEORGE STEW ART** Hillsborough
County Emergency Management Logistics
Chief, **TIMOTHY DUDLEY Jr,** Director
of the Office of Emergency Management**,**
**SCOTT STROMER,** Director of
Procurement**, INAKI REZOLA,** Deputy
Director of Hillsborough County
Emergency Management and Operations
Section Chief, and **RYAN PEDIGO,**
Director, Public Health Preparedness at
Hillsborough County Health Department,
both **Individually and Jointly,** and co-
conspirator**, CDR MAGUIRE, INC,** a
Florida Limited Liability Corporation,
Filed with the Florida Division of
Corporations, **Individually and Jointly,**

     **Defendants.**

_____/

**CASE NO.:  22-CA-003717**
**DIVISION:  L**

## NOTICE OF FILING NOTICE OF REMOVAL

Page **1** of **3**     EXHIBIT G

NOTICE is given that, pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. §1367(a), Defendant, Hillsborough County, has on this 15ᵗʰ day of June, 2022, filed in the United States District Court of the Middle District of Florida, a Notice of Removal to remove Case No. 22-CA-3717; Division: L, from the Circuit Court in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida. A copy of the Notice of Removal, excluding the exhibits thereto, are attached hereto as **Exhibits "A"** respectively.

/s/ *Stephen M. Todd*
Stephen M. Todd, Esquire
Sr. Assistant County Attorney
Florida Bar No. 0886203
Office of the County Attorney
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670 – Fax: (813) 272-5758
Attorney for Defendant, Hillsborough County
Service Emails:
ToddS@hillsboroughcounty.org
MartinTR@hillsboroughcounty.org
ConnorsA@hillsboroughcounty.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was provided, via the Court's Electronic Filing System, to the email addresses provided therein for the following on June 15, 2022.

| | |
|---|---|
| **Jack Crooks Esq.**<br>P.O. Box 10339<br>Tampa, Florida 33679<br>*Counsel for Plaintiffs* | **Barbi L. Feldman, Esquire**<br>**Brittany L. Perez, Esquire**<br>Vecchio, Carrier, Feldman & Johannessen, P.A.<br>3308 Cleveland Heights Boulevard<br>Lakeland, Florida 33803<br>*Counsel for Defendant Ryan Pedigo* |
| **Bridget Smitha, Esquire**<br>**Abigail Corbett**<br>Stearns Weaver<br>106 East College Avenue, Suite 700 | |

| Tallahassee, Florida 32301 *Counsel for Defendant CDR Maguire, Inc* | |

/s/ *Stephen M. Todd*

Stephen M. Todd, Esquire