UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ONSITE SCREENINGS, LLC, et al.,

    Plaintiffs,

v.                                             Case No. 8:22-cv-1369-TPB-AEP

HILLSBOROUGH COUNTY,
FLORIDA, et al.,

    Defendants.
_____/

**ORDER DENYING "PLAINTIFF'S MOTION FOR REMAND
AND FOR ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(C),
AND SUPPORTING MEMORANDUM OF LAW"**

This matter is before the Court on "Plaintiff's Motion for Remand and for Attorney's Fees Pursuant to 28 U.S.C. § 1447(c), and Supporting Memorandum of Law," filed by counsel on July 8, 2022. (Doc. 18). Defendants Hillsborough County, Scott Stromer, George Stewart, Timothy Dudley, and Inaki Rezola filed a response in opposition on July 21, 2022. (Doc. 19). On July 22, 2022, Defendant CDR Maguire, Inc. filed a response indicating that in joined in the other Defendants' opposition. (Doc. 23). After reviewing the motion, responses, court file, and record, the Court finds as follows:

When a civil action is originally brought in state court, a defendant may remove such action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

In the motion to remand, Plaintiffs argue that Defendants failed to establish any basis for removal.[1] It does not appear that the parties claim to be diverse. Rather, the purported basis for removal is federal question jurisdiction.[2] "[T]he general test for whether a cause of action arises under federal law and is therefore removable under 28 U.S.C. § 1441 requires that a court look only to the face of the plaintiff's complaint to ascertain whether a claim has been asserted under federal law." *AmeriHome Mortgage Co., LLC v. Marchman*, 2022 WL 2389134, at *pin (N.D. Ga. Apr. 12, 2022). Consequently, removal is proper under 28 U.S.C. § 1441 only when the plaintiff's well-pleaded complaint asserts a federal cause of action.

A review of the complaint reflects that, among other things, Plaintiff asserts a due process claim under 42 U.S.C. § 1983 based on an alleged Fourth Amendment violation in Count XIV, and Plaintiff seeks declaratory relief in Count XVI citing to 42 U.S.C. § 1983 and a purported Fourth Amendment violation. (Doc. 8-1). These claims present federal questions. *See* 28 U.S.C. §§ 1441(c) 1443(2); *Austin, ex rel. Rosenberg v. Harbor Behavioral Health Care Institute*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912, at *1 (M.D. Fla. July 16, 2007) ("The designation of a 'civil rights' claim 'arising under 43 U.S.C. Sections 1988 and 1983' that goes on to allege 'violations of the United States Constitution' is sufficient to allow the Defendant to ascertain that the case involves a claim that is or has become removable."). The Court does not at

---

[1] It appears that there may have been a scrivener's error, or that Defendants may have incorrectly cited to federal statutes. However, "[t]here is no requirement that specific provisions of the [removal] statute be cited" in the notice of removal. *Hayduk v. United Parcel Service, Inc.*, 930 F. Supp. 584, 593 (S.D. Fla. Apr. 25, 1996); *see* 28 U.S.C. §§ 1443; 1446. Rather, all that is required is a "short and plain statement of the grounds for removal." *Id.*
[2] Defendants premise removal on Plaintiff's "claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. Section 1367, 1331 and 1343, [and] [t]he First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution."

this juncture address the merits or viability of any purported federal claims. *See id.* ("[T]he ultimate validity of a federal claim is not necessarily coextensive with a party's ability to successfully remove the case to federal court on the basis of that claim."). Consequently, the Court concludes that this case is removable. The motion to remand is denied in its entirety.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff's Motion for Remand and for Attorney's Fees Pursuant to 28 U.S.C. § 1447(c), and Supporting Memorandum of Law" (Doc. 18) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**